IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00822-BNB

KATY ELIZABETH MOSSBERG,

    Plaintiff,

v.

KEN BUCK, District Attorney's Office, and
JOHN COOKE, Weld County Sheriff,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff Katy Elizabeth Mossberg currently is detained at the Weld County Jail in Greeley, Colorado. Ms. Mossberg, acting *pro se*, has filed a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Ms. Mossberg also asserts jurisdiction pursuant to "18 U.S.C. §§ 241-242-1985(3)," and seeks injunctive and declaratory relief and money damages.

    The Court construes the Complaint liberally because Ms. Mossberg is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed as legally frivolous.

    Ms. Mossberg asserts that her First and Fourteenth Amendment rights have been violated because jail staff on one occasion failed to process her outgoing mail sent to the Colorado Commission of Judicial Discipline, the Colorado Supreme Court Attorney Regulation Counsel, and the Weld County Commissioner's Office. Ms.

Mossberg contends that the letters to the Commission of Judicial Discipline and the Attorney Regulation Counsel were found in a plastic bag in her personal property and the letter to the Commissioner's Office was delivered to the Weld County District Attorney's Office rather than the Commissioner's Office. Ms. Mossberg claims that as a result of the jail staff's actions she is "worse off," was not able to obtain needed advise for her case prior to her trial, and has been denied due process. Compl., ECF No. 1, at 5.

First, "[a] prisoner [ ] has a constitutional right to have [her] outgoing mail processed for delivery, absent legitimate penological interests to the contrary." *Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010) (citing *Treff v. Galetka*, 74 F.3d 191, 195 (10th Cir. 1996)). Ms. Mossberg's allegations, however, present no more than acts of negligence, which do not rise to the level of a constitutional deprivation. Ms. Mossberg concedes that the letter to the Commissioner's Office mailed on February 9, 2012, was processed through the inter-agency mail and eventually was received by the Weld County District Attorney. It is not unusual that Ms. Mossberg's mail to the Commissioner's Office was referred to or received by the district attorney. Furthermore, once the remaining two letters were found, the letters were mailed out, which was by February 24, 2012, or within fifteen days of the original date Ms. Mossberg gave the letters to jail staff to mail. Ms. Mossberg does not claim the misplacement of her mail occurred on more than one occasion, and she does not state with any specificity how she was injured by the delay in mailing the letters. To the extent Ms. Mossberg contends she was unable to obtain needed advise and information regarding legal issues for her case prior to trial, the Court notes Ms. Mossberg concedes she was represented by counsel at the time and counsel told her that she needed to "stop writing

letters-they will only be used against [you] at . . . trial." Compl. at 6.

Furthermore, to the extent Ms. Mossberg is attempting to state a denial of court access, she must plead and prove she actually was impeded in her ability to conduct a particular case to state a violation of her rights. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding her current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered her efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S. at 351. Another example of hindering an inmate's efforts would be when an inmate is so stymied by inadequacies of the law library that she is unable to file a complaint. *Id.* Neither of the examples set forth in *Casey* are at issue in this case.

Ms. Mossberg does not assert an actual injury. She only claims that on one occasion her mail was misplaced, but within fifteen days, once she brought the incident to the attention of jail staff, the mail was sent to the named recipients. The jail staff's actions are no more than negligent and the delay of processing the mail resulted in no injury to Ms. Mossberg. Ms. Mossberg's First and Fourteenth Amendment claims, therefore, will be dismissed as legally frivolous.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. Mossberg files a notice of appeal she must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  15th  day of      June      , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court